**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 21-4477**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SHELLEY PHILLIPS BANDY,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, District Judge.  (4:20-cr-00111-D-1)

———————

Submitted:  May 27, 2022                         Decided:  July 22, 2022

———————

Before GREGORY, Chief Judge, and DIAZ and HARRIS, Circuit Judges.

———————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

———————

**ON BRIEF**: James B. Craven III, Durham, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shelley Phillips Bandy pleaded guilty, pursuant to a written plea agreement, to making false statements relating to health care matters, in violation of 18 U.S.C. § 1035(a)(2). The district court sentenced Bandy to 30 months' imprisonment. On appeal, Bandy's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding there are no meritorious grounds for appeal but questioning whether Bandy's sentence is reasonable. Although she was informed of her right to do so, Bandy has not filed a pro se supplemental brief. The Government moves to dismiss the appeal as barred by the appellate waiver contained in Bandy's plea agreement. We affirm in part and dismiss in part.

Where, as here, the Government seeks to enforce an appeal waiver and Bandy has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue raised on appeal falls within the scope of the waiver. *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021). Our review of the plea hearing leads us to conclude that Bandy's guilty plea was knowing and voluntary and that the waiver is valid and enforceable. Bandy's challenge to the reasonableness of her sentence falls squarely within the waiver's scope. We therefore grant the Government's motion to dismiss that portion of the appeal.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss Bandy's appeal of her sentence and affirm the remainder of the district court's judgment. At this juncture, we deny counsel's motion to withdraw. This court requires

that counsel inform Bandy, in writing, of the right to petition the Supreme Court of the United States for further review. If Bandy requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bandy.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*